UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LORI A. AHO,

        Plaintiff,                        CIVIL ACTION NO. 06-13701

        v.                                  DISTRICT JUDGE PAUL D. BORMAN

COMMISSIONER OF                  MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

**I. Introduction**

      This Social Security case previously came before the court on the parties' cross-motions for summary judgment. On May 4, 2007, this court entered a report and recommendation recommending that defendant's motion be granted and plaintiff's motion be denied (D/E # 18). On June 25, 2007, United States District Court Judge Paul D. Borman issued an order holding the report and recommendation in abeyance and remanding the case to this court in order for this court to discuss the relevancy of <u>Rogers v. Comm'r of Social Security</u>, 486 F.3d 234 (6th Cir. 2007) to this case (D/E # 20). The parties subsequently filed supplemental briefs.

      The factual background provided in the previous report and recommendation is consistent with this supplemental report and recommendation and this court incorporates its previous report and recommendation in that respect. However, for the reasons stated below, the

-1-

court recommends that, in light of the Sixth Circuit's decision in Rogers, the Commissioner's motion should be denied, plaintiff's motion should be granted, and this case should be remanded to the ALJ for further proceedings.

## II. Discussion

In Rogers, the Sixth Circuit held that the ALJ in that case did not have a substantial basis for discounting the opinions of Rogers' treating physicians and for finding that Rogers' subjective complaints were not credible. Rogers, 486 F.3d at 249. In this case, plaintiff similarly challenges the ALJ's rejection of a treating physician's opinion and the ALJ's assessment of her credibility.

### A. Treating Physician Rule

By arguing that the ALJ failed to evaluate or give appropriate weight to the opinion of his treating physician, plaintiff invokes the "treating physician' rule. The "treating physician" rule provides as follows:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(I) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d)(2); 20 C.F.R. 416.927(d)(2). As the Sixth Circuit stated in Walters v. Commissioner of Social Sec., 127 F.3d 525, 529-30 (6th Cir. 1997), "[i]n general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." Indeed, the treating physician rule provides that a "treating source's" opinion regarding the nature and severity of a claimant's condition is entitled to controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. However, as suggested by the regulation, the ALJ is not bound by a treating physician's opinion if that opinion is not supported by sufficient clinical findings or is inconsistent with other substantial evidence in the record. See also Warner v. Commissioner of Social Sec., 375 F.3d 387, 390 (6th Cir. 2004)("Treating physicians' opinions are only given [controlling or substantial] deference when supported by objective medical evidence").

Despite the general rule that treating physicians' opinions are only given controlling weight when they are supported by objective medical evidence, in Rogers the Sixth Circuit noted that:

> we have recognized that fibromyalgia can be a severe impairment and that, unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs. Rather, fibromyalgia patients 'manifest normal muscle strength and neurological reactions and have a full range of motion.' The process of diagnosing fibromyalgia includes (1) the testing of a series of focal points for tenderness and (2) the ruling out of other possible conditions through objective medical and clinical trials. [Rogers, 486 F.3d at 249 (internal citations and footnote omitted).]

In this case, plaintiff argues that the ALJ failed to give the appropriate weight to her treating physician Dr. John Crump, who has treated plaintiff since 1996. On October 12, 2005, Dr. Crump provided a letter discussing plaintiff's medical condition. Dr. Crump wrote that he had diagnosed plaintiff with fibromyalgia, irritable bowel syndrome, lymphocytie colitis, and interstitial cystitis. In Dr. Crump's view, plaintiff experiences an unpredictable waxing and waning of severe muscle pain, weakness and fatigue. Dr. Crump also wrote that plaintiff has 2-4 good days a month, where she can perform some household chores at a very slow rate, and 10-15 bad days a month, where she has to spend most of the day in bed and is limited to basic activities of daily living. Dr. Crump further wrote that plaintiff suffers from abdominal pain and severe diarrhea, and she must be near a bathroom often. Dr. Crump opined that, while plaintiff is on a large number of medications, those medications pose problems to her ability to maintain gainful employment because the medications affect her vision, balance and cognitive abilities. Dr. Crump also opined that plaintiff is unable to maintain gainful employment as a result of her health problems because she is limited in what physical tasks she can perform, how regularly she can attend work, and how long she can work. (Tr. 315-316)

The ALJ rejected Dr. Crump's opinion because Dr. Crump "appears to have taken the claimant's subjective allegations at face value and merely reiterated those allegations when making assertions regarding the claimant's health" and because Dr. Crump failed to provide "an assessment of the claimant's residual functional capacity which is compatible with the record as a whole." (Tr. 19)

In light of Rogers, this court now finds that the ALJ did not have a substantial basis in rejecting Dr. Crump's opinion because the ALJ failed to provide good reasons for discounting the opinion. As noted in Rogers, an "ALJ must provide 'good reasons' for discounting treating physicians' opinions, reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Rogers, 486 F.3d at 242, quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, *5 (July 2, 1996). The ALJ is required to do this so claimant can understand the disposition of their cases and so that there can be meaningful appellate review. Rogers, 486 F.3d at 242-243.

In this case, the ALJ failed to provide good reasons for discounting Dr. Crump's decision. The ALJ found that plaintiff's fibromyalgia was a severe impairment, presumably on the basis of Dr. Crump's diagnosis, but he rejected Dr. Crump's opinion regarding the effect of that severe impairment and that discrepancy is never explained. That lack of explanation is particularly troubling given that the ALJ expressly stated that Dr. Crump "appears to have taken the claimant's subjective allegations at face value and merely reiterated those allegations when making assertions regarding the claimant's health" (Tr. 19) Moreover, while the ALJ states that Dr. Crump failed to provide "an assessment of the claimant's residual functional capacity which is compatible with the record as a whole" (Tr. 19), the ALJ never identified what portions of the record Dr. Crump's assessment was incompatible with. Those two, brief reasons were the only grounds given for rejecting Dr. Crump's opinion regarding plaintiff's RFC and they are insufficient. Therefore, plaintiff's case should be remanded.

In the prior report and recommendation, this court found that the ALJ had a substantial basis in rejecting Dr. Crump's opinion because there are no clinical findings or objective evidence in the record supporting the original diagnosis of plaintiff's alleged conditions, the record of plaintiff's treatment merely contained a recitation of plaintiff's subjective complaints and a reliance on Dr. Crump's original diagnosis. This court's finding that Dr. Crump's opinion regarding the effect of plaintiff's fibromyalgia appears to based solely on plaintiff's subjective complaints, as well as the importance this court placed on the lack of evidence surrounding the original diagnosis would still seem valid in light of Rogers, especially given the Sixth Circuit's discussion of the treating physicians diagnostic techniques and treatment methods in that case as a factor in assessing the weight of their opinions. Rogers, 468 F.3d at 244-245. On the other hand, the impact the lack of objective evidence supporting Dr. Crump's opinions is clearly lessened by Rogers given the Sixth Circuit's recognition that fibromyalgia can be a severe impairment and that presents no objectively alarming signs. Rogers, 468 F.3d at 243.

Nevertheless, regardless of whether there was other substantial evidence in the record supporting the ALJ's determination, the case should still be remanded given the ALJ's failure to explain his reasoning. Rogers, 486 F.3d at 242-243. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the Sixth Circuit held that an ALJ's failure to "give good reasons" for the weight given to a treating source's opinion, as required by 20 C.F.R § 404.1527(d)(2), constitutes reversible error, even if the disability determination is otherwise supported by substantial evidence. The Sixth Circuit indicated that such a failure was subject to harmless error analysis, but stated that "[a] court cannot excuse the denial of a mandatory procedural protection simply

In the prior report and recommendation, this court found that the ALJ had a substantial basis in rejecting Dr. Crump's opinion because there are no clinical findings or objective evidence in the record supporting the original diagnosis of plaintiff's alleged conditions, the record of plaintiff's treatment merely contained a recitation of plaintiff's subjective complaints and a reliance on Dr. Crump's original diagnosis. This court's finding that Dr. Crump's opinion regarding the effect of plaintiff's fibromyalgia appears to based solely on plaintiff's subjective complaints, as well as the importance this court placed on the lack of evidence surrounding the original diagnosis would still seem valid in light of Rogers, especially given the Sixth Circuit's discussion of the treating physicians diagnostic techniques and treatment methods in that case as a factor in assessing the weight of their opinions. Rogers, 468 F.3d at 244-245. On the other hand, the impact the lack of objective evidence supporting Dr. Crump's opinions is clearly lessened by Rogers given the Sixth Circuit's recognition that fibromyalgia can be a severe impairment and that presents no objectively alarming signs. Rogers, 468 F.3d at 243.

Nevertheless, regardless of whether there was other substantial evidence in the record supporting the ALJ's determination, the case should still be remanded given the ALJ's failure to explain his reasoning. Rogers, 486 F.3d at 242-243. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the Sixth Circuit held that an ALJ's failure to "give good reasons" for the weight given to a treating source's opinion, as required by 20 C.F.R § 404.1527(d)(2), constitutes reversible error, even if the disability determination is otherwise supported by substantial evidence. The Sixth Circuit indicated that such a failure was subject to harmless error analysis, but stated that "[a] court cannot excuse the denial of a mandatory procedural protection simply

In the prior report and recommendation, this court found that the ALJ had a substantial basis in rejecting Dr. Crump's opinion because there are no clinical findings or objective evidence in the record supporting the original diagnosis of plaintiff's alleged conditions, the record of plaintiff's treatment merely contained a recitation of plaintiff's subjective complaints and a reliance on Dr. Crump's original diagnosis. This court's finding that Dr. Crump's opinion regarding the effect of plaintiff's fibromyalgia appears to based solely on plaintiff's subjective complaints, as well as the importance this court placed on the lack of evidence surrounding the original diagnosis would still seem valid in light of Rogers, especially given the Sixth Circuit's discussion of the treating physicians diagnostic techniques and treatment methods in that case as a factor in assessing the weight of their opinions. Rogers, 468 F.3d at 244-245. On the other hand, the impact the lack of objective evidence supporting Dr. Crump's opinions is clearly lessened by Rogers given the Sixth Circuit's recognition that fibromyalgia can be a severe impairment and that presents no objectively alarming signs. Rogers, 468 F.3d at 243.

Nevertheless, regardless of whether there was other substantial evidence in the record supporting the ALJ's determination, the case should still be remanded given the ALJ's failure to explain his reasoning. Rogers, 486 F.3d at 242-243. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the Sixth Circuit held that an ALJ's failure to "give good reasons" for the weight given to a treating source's opinion, as required by 20 C.F.R § 404.1527(d)(2), constitutes reversible error, even if the disability determination is otherwise supported by substantial evidence. The Sixth Circuit indicated that such a failure was subject to harmless error analysis, but stated that "[a] court cannot excuse the denial of a mandatory procedural protection simply

because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." Wilson, 378 at 546.  Rather, the Court suggested that only a *de minimus* violation of the regulation could constitute harmless error:

> For instance, if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it, a failure to observe § 1527(d)(2) may not warrant reversal.  There is also the possibility that if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant. Or perhaps a situation could arise where the Commissioner has met the goal of § 1527(d)(2)-the provision of the procedural safeguard of reasons-even though she has not complied with the terms of the regulation. However, none of these possibilities is present in the instant case, and the ALJ committed reversible error by depriving Wilson of the procedural right given to him by the agency's regulation.

Wilson, 378 at 547 (citations omitted).

The ALJ acknowledged Dr. Crump's recommendation, but he did not provide an adequate explanation for declining to give controlling weight to that recommendation.  It was incumbent upon the ALJ under 20 C.F.R § 404.1527(d)(2) to "give good reasons" for his decision to disregard that recommendation and the ALJ erred in failing to do so.  Further, the ALJ's failure cannot be deemed harmless error in this case.  Given the acceptance of Dr. Crump's original diagnosis by other physicians and the inherent difficulties in analyzing fibromyalgia claims, Dr. Crump's opinion is not "so patently deficient that the Commissioner

could not possibly credit it." Wilson, 378 F.3d at 547.  As for the other harmless error considerations discussed in Wilson, the ALJ's findings with respect to plaintiff's limitations are not consistent with Dr. Crump's opinion on that matter, and the ALJ did not otherwise "me[et] the goal of § 404.1527(d)(2)." Wilson, 378 F.3d at 547.  Thus, the ALJ's failure to comply with § 404.1527(d)(2) as to Dr. Crump's opinion constitutes reversible error.  In reaching such a conclusion, the court does not mean to suggest that an ALJ must parse through every word of a treating source's notes and records and provide an explanation for the weight given to each and every finding.  However, where, as here, a treating source makes a recommendation that goes directly to the question of what the claimant is physically capable of doing, § 404.1527(d)(2), as discussed in Wilson, compels that the recommendation be given consideration and that an adequate explanation be given as to the weight given to that recommendation.

**B.  Assessment of Plaintiff's Credibility**

The ALJ determined that plaintiff's allegations regarding her impairments were not credible. (Tr. 19-20)  An ALJ's findings regarding the credibility of the applicant "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Commissioner of Social Sec., 127 F.3d 525, 531 (6th Cir. 1997).  However, credibility assessments are not insulated from judicial review.  Despite the deference due, such a determination must nevertheless be supported by substantial evidence. Walters, 127 F.3d at 531.  With regard to allegations of disabling pain, the regulations provide that a claimant's statements regarding her "pain or other symptoms will not alone establish that [she is] disabled[.]"  20 C.F.R. § 404.1529(a); 20 C.F.R. § 416.929(a); see

also Walters, 127 F.3d at 531.  Rather, "there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence...would lead to a conclusion that you are disabled." 20 C.F.R. § 404.1529(a); 20 C.F.R. 416.929(a).

With regard to credibility determinations in relation to fibromyalgia, the Rogers court stated that:

> In many disability cases, the cause of the disability is not necessarily the underlying condition itself, but rather the symptoms associated with the condition.  Claims based upon fibromyalgia are of this type as the complaints of pain, stiffness, and fatigue associated with the condition are the source of the alleged disability.
>
> Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of disabling pain.  First, the ALJ will ask whether the there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.  Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.  Relevant factors for the ALJ to consider in his evaluation of symptoms include the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions.
>
> It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.

> However, the ALJ is not free to make credibility determinations
> based solely upon an 'intangible or intuitive notion about an
> individual's credibility.' Rather, such determinations must find
> support in the record. Whenever a claimant's complaints regarding
> symptoms, or their intensity and persistence, are not supported by
> objective medical evidence, the ALJ must make a determination of
> the credibility of the claimant in connection with his or her
> complaints 'based on a consideration of the entire case record.'
> The entire case record includes any medical signs and lab findings,
> the claimant's own complaints of symptoms, any information
> provided by the treating physicians and others, as well as any other
> relevant evidence contained in the record. Consistency of the
> various pieces of information contained in the record should be
> scrutinized. Consistency between a claimant's symptom
> complaints and the other evidence in the record tends to support
> the credibility of the claimant, while inconsistency, although not
> necessarily defeating, should have the opposite effect.
>
> Social Security Ruling 96-7p also requires the ALJ explain his
> credibility determinations in his decision such that it 'must be
> sufficiently specific to make clear to the individual and to any
> subsequent reviewers the weight the adjudicator gave to the
> individual's statements and the reasons for that weight.' In other
> words, blanket assertions that the claimant is not believable will
> not pass muster, nor will explanations as to credibility which are
> not consistent with the entire record and the weight of the relevant
> evidence. And given the nature of fibromyalgia, where subjective
> pain complaints play an important role in the diagnosis and
> treatment of the condition, providing justification for discounting a
> claimant's statements is particularly important.

Rogers, 486 F.3d at 247-248 (internal citations and footnote omitted).

In this case, prior to the administrative hearing, plaintiff described her physical condition several times to her doctor and Social Security officials. Plaintiff alleged that she was unable to work because of chronic pain and fatigue (Tr. 61), her mental state was "shaky" (Tr. 82), and that she could only do activities slowly and for short periods of times (Tr. 109, 115, 117). While

being psychologically evaluated, plaintiff alleged that she was in constant pain, continually fatigued, easily confused, depressed half the time, and easily startled. (Tr. 172-176) At the administrative hearing, plaintiff testified that she suffered from extreme pain and fatigue, chronic debilitating pain, and migraine headaches. (Tr. 328, 336, 341) Plaintiff also testified that she is in the bathroom one to four hours everyday and that she needs to lie down and stay in the dark, or wear dark glasses, about three times a week. (Tr. 339-341)

The ALJ did find that the objective medical evidence shows that plaintiff has "an underlying medically determinable impairment that could reasonably cause or produce the pain or other symptoms alleged" by the plaintiff. (Tr. 19) The ALJ also found, however, that plaintiff lacked credibility regarding the extent to which she was impaired and it was questionable whether the pain and other symptoms were as severe as she alleged. (Tr. 19)

In support of that credibility determination, the ALJ stated that plaintiff's statements "concerning [plaintiff's] alleged and their impact on [plaintiff's] ability to work are not entirely credible in light of the degree of medical treatment required and the discrepancies between [plaintiff's] assertions regarding [plaintiff's] ability to work and information contained in the medical evidence." (Tr. 19) The ALJ also stated that plaintiff's assertions regarding her ability "to engage in work activities are insufficient to counter the medical evidence" and plaintiff's "subjective complaints are considered credible only to the extent they are supported by the evidence of record as summarized in the text of this decision." (Tr. 19) The ALJ further noted that plaintiff had a minimal record of paid work activities over the last twenty years, even when

-11-

she claimed to be healthy enough to work, and that work history lessened her credibility. (Tr. 20)

Two of the three reasons the ALJ used for support for the credibility determination are still valid in light of Rogers. First, the ALJ noted the degree of medical treatment given to plaintiff and an ALJ should consider use of medication and other treatment when evaluating credibility. 20 C.F.R. 404.1529(c)(3)(iv)-(v); 20 C.F.R. 416.929(c)(3). In Rogers, the Sixth Circuit also noted that medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms and other measures taken to relieve symptoms of fibromyalgia were all factors bearing on the limitations of the plaintiff. In this case, all the physicians were content with a conservative course of treatment despite plaintiff's repeated complaints over several years. Additionally, while plaintiff rarely sought medical treatment prior to June of 2004, she had claimed she was unable to work as early as February of 2003.

Moreover, while a plaintiff's lack of work prior to the date of her application has been seen as irrelevant, it is more commonly seen as relevant to the credibility determination. See Bean v. Chater, 77 F.3d 1210 (10th Cir. 1995) (ALJ did not exhibit bias against the claimant despite commenting that she had a poor work record and that her work history is not a factor in her favor; the ALJ made these comments in assessing her complaints of pain and it was one of several factors including medications and daily activities that has a bearing on her credibility); Calhoun v. Commissioner of Social Security, 338 F.Supp.2d 765, 773 (E.D. Mich. 2004) (lack of prior work can be an indication of an earlier onset date, and not a lack of motivation to work); Rieder v. Apfel, 115 F.Supp.2d 496, 71 Soc. Sec. Rep. Serv. 261 (M.D. Pa. 2000)(When

claimant has worked for a long period of time, his testimony about his work capabilities should be accorded substantial credibility); Kovach v. Apfel, 119 F.Supp.2d 943, 71 Soc. Sec. Rep. Serv. 583 (E.D. Mo. 2000)(A long and continuous work record with no evidence of malingering is a factor supporting the credibility of assertions of disabling impairments), Hunter v. Chater, 895 F.Supp. 1454 (D. Kan. 1995) (ALJ was entitled to consider evidence of claimant's sporadic employment history as probative of his willingness and motivation to work).  In this case, the ALJ had the opportunity to observe plaintiff's demeanor and credibility, and his determination regarding the relevancy of plaintiff's sporadic work history supports his determination regarding plaintiff's motivation to work and credibility.

The third reason the ALJ offered to support his credibility determination, that plaintiff';s subjective complaints conflict with the evidence in the record, as summarized in the ALJ's decision, weakened in light of Rogers.  While it is not entirely clear what evidence the ALJ is referring to, it appears that he is referencing the lack of objective evidence supporting plaintiff's claim.  The Rogers court did state that "[c]onsistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect" Rogers, 486 F.3d at 248, but the court also repeatedly emphasized the irrelevancy of the lack of objective evidence with regard to fibromyalgia claims.

According great weight and deference to the ALJ's determination, as this court must do, the ALJ had a substantial basis for his credibility determination.  Putting aside the lack of objective evidence supporting plaintiff's subjective complaints, the evidence in this case is

inconclusive regarding the nature and severity of her impairments. Moreover, plaintiff and her doctors followed a spotty and conservative course of treatment during times when plaintiff claimed she was unable to work. Also, as noted by the ALJ, plaintiff has a history of unemployment even encompassing periods where she testified that she could work. While the ALJ did not address and discuss all the factors mentioned in Rogers, looking at the record as a whole, the ALJ's credibility determination was supported by substantial evidence and it should be affirmed.

### III. Conclusion

For the reasons stated above, the court finds that there is not substantial evidence in the record to supporting the Commissioner's disability determination given the ALJ's failure to give good reasons for rejecting the opinion of a treating physician. The court thus recommends that the Commissioner's motion for summary judgment be **DENIED**, that plaintiff's cross-motion for summary judgment be **GRANTED**, and that this matter be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan<br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated: November 14, 2007

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 14, 2007.

s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan